UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN S. HART,

    Petitioner,

v.

PEOPLE OF CALIFORNIA,

    Respondent.

Case No. 22-cv-07346-HSG

**ORDER OF DISMISSAL**

Petitioner Stephen S. Hart has filed this *pro se* petition for a writ of habeas corpus. For the reasons set forth below, this petition for a writ of habeas corpus is DISMISSED with prejudice and a certificate of appealability is DENIED. Petitioner's request to proceed *in forma pauperis* is GRANTED. Dkt. No. 5.

**DISCUSSION**

**I.     Petition**

On October 28, 1996, Petitioner pled guilty in Sonoma County Superior Court to one count of misdemeanor statutory rape, Cal. Penal Code § 261.5(b), and one count of felony statutory rape, Cal. Penal Code § 261.5(c), with the plea agreement providing that after Petitioner completed his sentence, the felony count would be downgraded to a misdemeanor. Dkt. No. 1 at 1-2. After completing his sentence, Petitioner petitioned to have his felony count dropped to a misdemeanor pursuant to the plea bargain. His petition was denied on May 28, 2020. Dkt. No. 1 at 3. Petitioner has not previously presented this claim to any other court. Dkt. No. 1 at 5.

**II.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A federal district court may also entertain a petition for a writ of habeas corpus from a petitioner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### III.     Dismissal with Prejudice

This petition is DISMISSED for lack of federal habeas jurisdiction because Petitioner is not "in custody" within the meaning of either 28 U.S.C. § 2254(a) or 28 U.S.C. § 2241(c). A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The custody requirement is jurisdictional. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Here, Petitioner has completed the sentence from Sonoma County Superior Court and is no longer in the custody of the state of California pursuant to that sentence.[1] This petition is therefore DISMISSED for lack of jurisdiction.[2]

### CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

//

//

---

[1] Petitioner appears to be in the custody of the state of Indiana, but he is not challenging the legality of Indiana's custody.
[2] Petitioner may be able to bring a state court action for breach of his plea agreement. " In California, a negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles, and according to the same rules as other contracts." *Buckley v. Terhune*, 441 F.3d 688, 695 (9th Cir. 2006) (internal quotation marks, citations and alterations omitted).

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Petitioner's request for leave to proceed *in forma pauperis*, DISMISSES the petition for writ of habeas corpus with prejudice for lack of federal habeas jurisdiction, and DENIES a certificate of appealability. The Clerk of the Court is directed to enter judgment in favor of Respondent and against Petitioner, and close the case.

**IT IS SO ORDERED.**

Dated:   2/21/2023

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge